**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Oscar Herberto ORTEGA–QUIROZ,
Defendant—Appellant.**

No. 05–10006.

D.C. No. CR–03–00241–KJD.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Robert A. Bork, USLV—Office of the U.S. Attorney Lloyd George Federal, for Plaintiff–Appellee.

Arthur L. Allen, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM**

Oscar Herberto Ortega–Quiroz appeals the sentence imposed following his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Ortega–Quiroz contends that the district court violated the Sixth Amendment by considering the "fact" of a prior state conviction that he neither admitted nor was found to exist by a jury beyond a reason-

able doubt. This contention is without merit. We have continued to hold after *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that enhancements under U.S.S.G. § 2L1.2 do not implicate the Sixth Amendment. *See United States v. Moreno–Hernandez*, 419 F.3d 906, 914 n. 8 (9th Cir.2005) (rejecting Blakely/Booker challenge to enhancement under § 2L1.2(b)(A)(ii)); *see also United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

Because the district court sentenced Ortega–Quiroz under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether any error in the imposition of the sentence under the then-mandatory Sentencing Guidelines was harmless, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez*, 419 F.3d at 916.

**REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.